CHEESBOROUGH V. BALDWIN ET UX.

Adjudged that the husband may not join with his wife in a prosecution for the maintenance of a bastard child, born before their intermarriage.

That the order for maintenance must be for a time certain, and not during the pleasure of the court.

ERROR to reverse a judgment of the County Court, in a prosecution of Baldwin and wife v. Cheesborough, for the maintenance of a bastard child, born before her intermarriage with said Baldwin.   To this complaint the defendant demurred and took the following exceptions, viz.   1st. It doth

not appear in what county the child was born.    2d. That the prosecutors, since said complaint has been in court, by the permission of the court, have made a supplement to it, by inserting in it that she accused him in the time of her travail, and had been constant in her accusation.    3d. That the husband and wife could not join in a prosecution of this nature. The child was alleged to have been born in A. D. 1786, and the complaint was dated in A. D. 1790.    Judgment of the County Court was, that the complaint was sufficient, and upon examining the woman on oath they adjudged that said Cheesborough was the reputed father of said bastard; and made an order that he should stand charged with the maintenance of said child, with the mother, etc. during the pleasure of the court.

Errors assigned — 1st. That said complaint is insufficient and ought so to have been adjudged.    2d. That the order of court is illegal, being for no certain term of time.

Judgment — Manifest error; upon the last exception under the demurrer, and upon the last exception specially assigned for error.

Root, J., dissented from the opinion of the court with respect to the husband's right of joining with the wife in a prosecution for maintenance.    The reason given against it is, that the husband is not bound to maintain such child.    Admit this to be true; yet if he will voluntarily prosecute with his wife and recover maintenance, he will be bound to maintain it — otherwise the child must become a public charge.    But the mother is obliged to maintain her child, and the husband marries her charged with that incumbrance, while a nurse child; he also married her invested with a right of action for the maintenance of her child, and why he may not join in prosecuting this right as well as any other I am unable to comprehend.    It is certain a *feme covert* cannot prosecute alone.

This point was adjudged at Windham, March A. D. 1774, in the case of Mary Washborn v. Henry Lad.    She recovered

against him for maintenance of a bastard child. He brought a writ of error to the Superior Court in March A. D. 1773 and reversed the judgment. The place of the child's birth was not mentioned in the complaint. She entered her original complaint as though it came by appeal; and pending the writ of error, she married one Hender. Lad plead in abatement that she was a *feme covert*, and could not enter and prosecute said suit alone and that her husband could not be joined. Judgment in March 1774 that the plea was insufficient, and that the husband might join in the suit; and on motion the place of the child's birth was inserted in the complaint and the cause was tried upon a special issue of accord and satisfaction by the jury, and verdict and judgment was for the plaintiffs to recover.